UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Christopher Flanagan, | : |
|                      Plaintiff,<br>v. | : Civil Action No.: _____ |
| Global Credit and Collection Corp., | : |
|                      Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Christopher Flanagan, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. Plaintiff, Christopher Flanagan (hereafter "Plaintiff"), is an adult individual residing at 184 Gray Hill Road Extension, East Sandwich, MA 02537, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Global Credit and Collection Corp. (hereafter "Defendant"), is a corporation with an address of 300 International Drive, Suite 100, P.M.B. 10015, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant contacted Plaintiff two to three times per day, on a daily basis, beginning on or around the end of September, 2008, in violation of M.G.L. c. 93 § 49(c).

10. Upon contacting the Plaintiff, the Defendant's individual debt collectors refused to identify themselves or their employers and refused to disclose information about the debt to the Plaintiff, in violation of 15 U.S.C. § 1692d(6).

11. The Defendant's individual debt collectors used harsh and abusive language when speaking with the Plaintiff in violation of 15 U.S.C. § 1692d(2), by threatening to ruin the Plaintiff's career, accusing the Plaintiff of "ducking out on responsibilities," and repeatedly cursing.

12. The Defendant threatened legal action against the Plaintiff, informing the Plaintiff that if $4,000.00 was not paid by November 1, 2008, the Defendant would take legal action to recover payment in full, including back charges and attorney's fees, in violation of 15 U.S.C. § 1692e(5) and M.G.L. c. 93 § 49(c).

13. The Defendant further threatened the Plaintiff by claiming access to his credit score and credit report without authorization and claims that his credit score would be affected if the debt was not paid immediately, violating 15 U.S.C. § 1692e(8).

14. The Defendant thereafter gained access to the Plaintiff's bank information whereupon the Defendant drained the Plaintiff's entire account in the amount of $1,400.00, without authorization and without the Plaintiff's knowledge. The Plaintiff's bank acknowledged the unauthorized withdrawal and credited the Plaintiff's account.

15. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### HARASSMENT OR ABUSE IN VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(6)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

21. The Defendant and its agents violated the FDCPA by engaging in conduct of which the natural consequence is to harass, oppress or abuse the Plaintiff in connection with the collection of a debt, namely by failing to identify themselves and by failing to give the name of the original creditor at the request of the Plaintiff.

22. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to damages.

## COUNT III

### USE OF PROFANE AND ABUSIVE LANGUAGE IN VIOLATION OF THE FAIR
### DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d(2)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant and its agents violated the FDCPA by using offensive and harassing language when speaking with the Plaintiff with the intent to abuse.

25. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to damages.

## COUNT IV

### THREATENING TO TAKE LEGAL ACTION IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(5)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant and its agents violated the FDCPA by threatening to take legal action without the intent of taking legal action.

28. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to damages.

## COUNT V

### THREATENING TO COMMUNICATE FALSE CREDIT INFORMATION IN VIOLATION OF THE FAIR DEBT COLLECT PRACTICES ACT
### 15 U.S.C. § 1692e(8)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendant and its agents violated the FDCPA by threatening to damage the Plaintiff's credit report and by communicating false information concerning the Plaintiff's credit report to others.

31. As a result of Defendant's violations of the FDCPA, the Plaintiff is entitled to damages.

## COUNT VI

### CONTACTING THE DEBTOR WITH UNREASONABLE FREQUENCY AND THREATENING LEGAL ACTION IN VIOLATION OF
### M.G.L. c. 93 § 49(c)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendant and its agents violated the M.G.L. c. 93 § 49(c) by calling the Plaintiff with unreasonably frequency and by threatening to take action which the Defendant does not intend or does not in the usual course of business take.

34. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 3A and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT VII
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

35. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls two to three times per day, abusing the Plaintiff with condescending and obscene language, and threatening legal action.

36. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

37. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

38. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

39. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

   b. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

   c. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

   d. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

   e. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

f. Punitive damage; and

g. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 18, 2008

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671